IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL LEE, #Y17162,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:21-cv-00900-NJR |
| | ) |
| **S. STOVER,** | ) |
| **DON LACKEY,** | ) |
| **WEXFORD HEALTH SERVICES,** | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **CORRECTIONS,** | ) |
| **DEANNA M. BROOKHART,** | ) |
| **L. LIVINGSTON,** | ) |
| **J. GARRETT,** | ) |
| **ROB JEFFREYS,** | ) |
| **DEBBIE KNAUER, and** | ) |
| **DR. GLEEN BABICH,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Michael Lee, an inmate in the custody of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Lee makes the following allegations in the Complaint: Nurse Practitioner S. Stover cut open Lee's right forearm on July 12, 2021, without ordering an x-ray to determine the exact location of a foreign object stuck in his forearm. (Doc. 1, p. 26). Stover provided poor and inadequate care by performing the procedure without a doctor present. (*Id.*). Stover was unable to locate the object and stated, "I should have ordered an x-ray, but the x-ray staff is not working today, sorry Mr. Lee it's nothing further I can do." (*Id.*).

L. Livingston and J. Garrett failed to investigate Lee's grievances.[1] (Doc. 1, p. 16). Deanna Brookhart signed off on the grievance responses of Livingston and Garrett. (*Id.*, p. 26). Debbie Knauer and Rob Jeffreys had the power to overturn the grievance decisions but did not. (*Id.*).

Lee believes Wexford Health Services, as Stover's employer, and the Illinois Department of Corrections, who partners with Wexford, should be held responsible for Stover's inadequate medical treatment. (*Id.*). Lee seeks monetary damages and the costs of the lawsuit. (*Id.*, p. 27).

## PRELIMINARY DISMISSALS

The Illinois Department of Corrections is a state government agency not subject to

---

[1] Although Lee refers to *grievances*, he attached only one grievance dated July 9, 2021, which is before the incident with Stover. The Court notes that Lee states he was unable to attach a copy of another grievance because it had been sent to the Administrative Review Board. (Doc. 1, p. 25). It appears there may be an issue as to whether Lee fully exhausted his administrative remedies on the claim against Stover prior to filing this action. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (stating exhaustion must occur before a lawsuit is filed; a plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending). Additionally, because the incident with Stover occurred on July 12, 2021, and the Complaint was filed on August 9, 2021, it is unlikely that a grievance made its way through all levels of the grievance process prior to the filing of this lawsuit. At this point, however, it is not clear on the face of the Complaint that the claim is barred for failure to exhaust administrative remedies.

suit for money damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). IDOC will, therefore, be dismissed with prejudice.

Lee names Don Lackey and Dr. Gleen Babich as defendants but there are no allegations against these individuals in the statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, to state a Section 1983 claim a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Absent any allegations describing what Lackey and Babich allegedly did or failed to do in violation of Lee's constitutional rights, the claim against them cannot proceed and they will be dismissed without prejudice for failure to state a claim.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

**Count 1:** Eighth Amendment claim against Stover, Wexford Health Services, Livingston, Garrett, Brookhart, Knauer, and Jeffreys for exhibiting deliberate indifference to Lee's

3

>               serious medical needs related to Stover's attempted removal
>               of a foreign object in his right forearm on July 12, 2021.
>
> **Count 2:**    State law medical negligence claim against Stover and
>               Wexford Health Services for Stover's negligent attempt to
>               remove a foreign object from Lee's right forearm on July 12,
>               2021.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

*Count 1*

Prison staff and medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

The allegations are sufficient to proceed on the claim in Count 1 against Stover. Wexford, however, cannot be held liable based on the actions of Stover because *respondeat superior* liability does not apply in actions under § 1983. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Instead, Wexford can only be liable if it had

4

a policy or practice that caused the alleged violation of a constitutional right. *Id.* There is nothing in the Complaint that suggests Wexford maintains a policy or practice that caused a violation of Lee's constitutional rights. Therefore, Lee fails to state a viable claim against Wexford and it will be dismissed.

Lee also fails to state a claim against the grievance officials for failing to investigate and/or denying his grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). As such, prison officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (inmate's claim that prison officials failed to investigate his grievances was meritless because inmate did not have a due process right to an investigation). Additionally, "[p]rison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ( "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation."). For these reasons, the claim in Count 1 against L. Livingston, J. Garrett, Deanna M. Brookhart, Debbie Knauer, and Rob Jeffreys will be dismissed.

### *Count 2*

Lee seeks to bring a state law medical negligence claim. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the

state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). Lee's allegations of medical negligence derive from the same facts as his Eighth Amendment deliberate indifference claim, so this Court will exercise supplemental jurisdiction over the claim.

An Illinois medical negligence claim requires the plaintiff to show: (1) the applicable standard of care; (2) the defendant breached the standard of care and was negligent; and (3) and the breach was a proximate cause of the plaintiff's injury. *Chambers v Igram*, 858 F.2d 351, 355 (7th Cir. 1988). Plaintiff's allegations are sufficient to proceed on a medical negligence claim against Stover.[2] Because *respondeat superior* liability is available under state law, the claim will also proceed against her employer, Wexford Health Services.

## MOTION FOR RECRUITMENT OF COUNSEL

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). District courts have discretion to recruit lawyers to represent indigent clients on a volunteer basis under 28 U.S.C. § 1915(e)(1). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively

---

[2] The Court notes that Plaintiff has not provided the affidavit and medical report required under Illinois state law, *i.e.*, 735 ILCS § 5/2-622. If he intends to proceed with this claim, Plaintiff must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019). His failure to do so is not dispositive of his claim at this point. *Id.* However, Plaintiff must comply with the requirements set forth in 735 ILCS § 5/2-622 before summary judgment on the merits of the case.

precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Lee's trust fund account statement shows that he has substantial funds available to assist him in his efforts to obtain counsel. (Doc. 2). As such, the Court is not making a finding of indigency. Additionally, while it appears that Lee has made an effort to obtain counsel on his own, he has not heard from all of the attorneys he has written. (Docs. 3, 15). For these reasons, Lee's motions for recruitment of counsel will be denied.

## DISPOSITION

The Illinois Department of Corrections is **DISMISSED with prejudice**. Don Lackey and Dr. Gleen Babich are **DISMISSED without prejudice**.

**Count 1** will proceed against S. Stover but is **DISMISSED without prejudice** as to Wexford Health Services, L. Livingston, J. Garrett, Deanna M. Brookhart, Debbie Knauer, and Rob Jeffreys. **Count 2** will proceed against Stover and Wexford Health Services.

Lee's motions for recruitment of counsel (Docs 3, 15) are **DENIED without prejudice**.

The Clerk of Court shall prepare for Defendants S. Stover and Wexford Health Services: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Lee. If a Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Lee, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Lee is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Lee is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in

dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

DATED: September 22, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file Answers to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.